## SUPREME COURT.

THE LACUSTRINE FERTILIZER COMPANY, appellant, agt. LAKE
GUANO AND SHELL FERTILIZER COMPANY and others,
respondents.

*Appeal — not authorized from an order overruling or sustaining a demurrer —
Code of Civil Procedure, §§ 1347–1350.*

Under the Code of Civil Procedure an appeal cannot be taken from an
order overruling or sustaining a demurrer.

The only remedy at the present time is by appeal from the judgment, final
or interlocutory, as the case may be, entered upon the decision of law
presented by the demurrer.

In this respect the new Code differs from the former one and abrogates
the right to appeal from an order of that description which was intro-
duced by an amendment of section 349, adopted in 1851.

*Fourth Department, General Term, October,* 1878.

APPEAL from an order of the special term in Seneca
county, sustaining demurrers to the complaint with leave to
plaintiff to amend on payment of costs.

*F. L. Manning, Henry S. Bennett* and *Adolphus D. Pape*
(*T. M. Morgan,* attorney), for appellant.

*J. T. Miller* and *H. C. Gardiner* (*John Cummins,* attorney),
for respondents.

SMITH, *J.*— The Code of Civil Procedure does not author-
ize an appeal from an order overruling or sustaining a
demurrer. The remedy at the present time is by appeal from

the judgment, final or interlocutory, as the case may be, entered upon the decision of the issue of law presented by the demurrer. In that respect the new Code differs from the former one and abrogates the right to appeal from an order of that description which was introduced by an amendment of section 349, adopted in 1851. The object of the change and the provisions of the new Code by which it has been accomplished are pointed out in Mr. Throop's note to section 1350 of the Code of Civil Procedure. One or two provisions of the Code as framed, which indicated very clearly the purpose of the commissioners to effect the change above stated, have been altered by the legislature, but the plan is not thereby materially interfered with.

Section 1201, which so defined an interlocutory judgment as to include the determination of the court upon a demurrer, was enacted in 1876, as reported by the commissioners, and was expunged in 1877. And section 1224, which, as reported and adopted in 1876, gave discretionary power to the general term upon a partial or entire affirmance of an interlocutory judgment on appeal, where no issue of fact remains to be tried, to render final judgment, unless it permits the appellant to amend or plead over, was changed in the following year by substituting the words "order or judgment" for "interlocutory judgment." It can hardly be supposed that these changes indicate a purpose to return to the former practice. The provision of section 849 of the old Code, as amended in 1851, was not restored, and section 1349 of the new Code stands providing for an appeal to the general term from an interlocutory judgment rendered at a special or trial term. The construction above indicated is fortified by other provisions of the new Code relating to proceedings subsequent to the decision of the general term on an appeal from an interlocutory judgment. Section 1336 provides that where final judgment is rendered in the court below after the affirmance upon an appeal to the general term of that court of an interlocutory judgment, the party aggrieved may appeal directly from the

Lacustrine Fertilizer Co. agt. Lake Guano and Shell Fertilizer Co.

final judgment to the court of appeals, notwithstanding it was rendered at a special or trial term. The same section provides that such an appeal brings up for review only the determination of the general term affirming the interlocutory judgment. An appeal to review the final judgment in such a case may be taken to the general term, but on such an appeal the interlocutory judgment cannot be reviewed (*Sec.* 1350). But on appeal to the court of appeals from the determination of the general term, upon the appeal from the final judgment, the determination of the general term affirming the interlocutory judgment may be reviewed (*Id.*).

The difficulties existing under the former practice, which the provisions above referred to were designed to remove, are stated in Mr. Throop's note to section 1350. The object of these provisions would be frustrated in a great measure by allowing an appeal from an order sustaining or overruling a demurrer, as they would not apply to such an appeal. The present Code provides for the entering of an interlocutory as well as of a final judgment (*sec.* 1236) and directs that an appeal must be taken within thirty days after service of a copy of the judgment and notice of entry (*Sec.* 1351).

We have already held in accordance with these views in two cases (*Miller* agt. *Sheldon*[*] and *Riggs* agt. *The American Tract Society*), decided last term, but as they have not been reported, we have thought it due to the present case to give the reasons for our decision.

The appeal must be dismissed but without costs.

Appeal dismissed without costs.

TALCOTT, P. J., and HARDIN, J., concur.

[*] Since reported, 15 Hun, 220.